IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

HSBC MORTGAGE SERVICES, INC.,

    Plaintiff,

v.

TYRONE WILLIAMS,

    Defendant.

CIVIL ACTION NO.
1:07-CV-2863-RWS

## ORDER

Before the Court are Plaintiff's Emergency Motion to Remand to State Court and for an Award of Fees (Dkt. No. [4]), Plaintiff's Renewed Emergency Motion to Remand to State Court (Dkt. No. [10]), Plaintiff's Emergency Motion to Dismiss Appeal (Dkt. No. [11]), Plaintiff's Emergency Motion to Expedite Ruling on Plaintiff's Emergency Motion to Remand (Dkt. No. [14]), and Defendant's Motion to Appeal *in forma pauperis* (Dkt. No. [8]).  After considering the entire record, the Court enters the following Order.

### Background

On April 2, 2007, Plaintiff HSBC Mortgage Services, Inc., ("HSBC") filed a Dispossessory Warrant in the Magistrate Court of Fulton County,

AO 72A
(Rev.8/82)

Georgia, alleging that Defendant is a tenant at sufferance after a foreclosure sale took place on March 6, 2007.  Defendant, proceeding *pro se*, removed the action to this Court and sought leave to proceed *in forma pauperis*.  (See Affidavit in Supp. of Request to Proceed *in forma pauperis*, Dkt. No. [1].)  Initially, the United States Magistrate Court refused to grant Defendant leave to proceed *in forma pauperis* because the court believed he had not met the financial requirements.  (See Order of May 29, 2007 Dkt. No. [6].)  Defendant then filed a Notice of Appeal, (see Dkt. No. [7]), which was dismissed for want of jurisdiction.  (See Dkt. No. [13].)  However, the court reconsidered its decision when it learned that all of Defendant's properties are in foreclosure, (see Order of Nov. 18, 2007, Dkt. No. [15]), and by an Order entered November 18, 2007, the United States Magistrate Court granted Defendant leave to proceed *in forma pauperis*, and submitted the action to this Court for purposes of frivolity review under 28 U.S.C. § 1915(e)(2).  (See Order of Nov. 18, 2007 [15].)  Plaintiff moved to remand this action to state court and to dismiss Defendant's appeal.[1]  (Dkt. Nos. [4], [10], and [11].)  The Court turns now to

---

[1] The Court notes that all motions related to Defendant's appeal are moot, as the Eleventh Circuit has dismissed that appeal.

2

consider whether this action is frivolous and whether the case should be remanded.

## Discussion

### I.  Standard for Dismissal

Pursuant to § 1915(e), "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Where a court lacks jurisdiction to hear an action, the claim is considered frivolous. See Humphries v. Various Fed. USINS Employees, 164 F.3d 936, 941 (5th Cir. 1999).

### II.  Jurisdiction

Civil actions brought in the state courts may be removed if the action falls within the original jurisdiction of the federal courts. 28 U.S.C. § 1441(a).

3

In the absence of an express grant of statutory jurisdiction, original jurisdiction may be predicated upon the presence of a federal question pursuant to 28 U.S.C. § 1331, or diversity of citizenship pursuant to 28 U.S.C. § 1332. Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). From his Petition for Removal, Defendant appears to assert that this Court has federal question jurisdiction over this action. (See Def.'s Petition for Removal, Dkt. No. [3-2].) For the reasons that follow, the Court disagrees.

Federal courts have original jurisdiction over all civil actions arising under the Constitution or laws of the United States. 28 U.S.C. § 1331. In this case, Defendant appears to suggest in his Petition for Removal that this Court has federal question jurisdiction because Plaintiff has violated the Fair Debt Collection Practices Act. 15 U.S.C. § 1492 et seq. He appears to assert this argument as a counterclaim. "The well-pleaded-complaint rule has long governed whether a case 'arises under' federal law for purposes of § 1331," and "governs whether a case is removable from state to federal court pursuant to 28 U.S.C. § 1441(a)." Holmes Group, Inc., v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830 & n.2 (2002). The "'well-pleaded complaint rule' provides that federal jurisdiction exists only when a federal question is presented on the

4

face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  If the plaintiff does not raise a federal question in his or her complaint, "it is no substitute that the defendant is almost certain to raise a federal defense." Pan Am. Petroleum Corp. v. Superior Court of Delaware, 366 U.S. 656, 663 (1961).  Similarly, a counterclaim, which appears in a defendant's answer, and not as part of the plaintiff's complaint, cannot support removal based upon federal question jurisdiction.  Holmes Group, 535 U.S. at 831.  Plaintiff's Complaint in this case does not present a federal question.  Consequently, this Court does not have federal question jurisdiction over this action, and removal on this basis is improper.

In sum, Defendant, as the removing party, bears the burden of establishing federal jurisdiction.  He has failed to carry that burden.  No federal question is present on the face of Plaintiff's Complaint, and the requirements for diversity jurisdiction are not satisfied.  The Court therefore concludes that it lacks subject matter jurisdiction and that this action is frivolous.  Accordingly, Plaintiff's Motion for Remand is **GRANTED**.

### III.   Fees and Costs

Plaintiff requests that this Court impose costs and attorney fees in the

amount of $700.00 upon Defendant pursuant to 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." The purpose of § 1447(c) is not to punish defendants for improper removal, but to compensate plaintiffs for expenses associated with obtaining a remand order. Publix Supermarkets, Inc. v. United Food & Commercial Workers Int'l Union AFL-CIO & CLC, 900 F. Supp. 419, 422 (M.D. Fla.1995). Thus, attorney's fees may be awarded even in the absence of a showing of bad faith. Id. at 421; see Graham Commercial Realty, Inc. v. Shamsi, 75 F. Supp.2d 1371, 1373 (N.D. Ga.1998) ("A finding of bad faith or improper purpose by the removing party is not necessary.").

An award of attorney fees is solely in the discretion of the court. Graham, 75 F. Supp. 2d at 1373; Gray v. N.Y. Life Ins. Co., 906 F. Supp. 628, 631 (N.D. Ala. 1995); see also See Bauknight v. Monroe County, 446 F.3d 1327, 1329 (11th Cir.2006) (reviewing denial of costs and fees for abuse of discretion). Nevertheless, the exercise of the Court's discretion is not unfettered. In Martin v. Franklin Capital Corp., 546 U.S. 132 (2005), the Supreme Court recognized § 1447(c) neither favors or disfavors the award of

6

fees. As the Court recognized, "[b]y enacting the removal statute, Congress granted a right to a federal forum to a limited class of state-court defendants. If fee shifting were automatic, defendants might choose to exercise this right only in cases where the right to remove was obvious." Id. at 711. At the same time, however,

> [t]he process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff.

Id. In view of these competing principles, the Court held that,

> the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case.

Id. (internal citations omitted).

In this case, the Court concludes that an award of reasonable attorney fees and costs inappropriate.  Defendant is proceeding as a pro se litigant *in forma pauperis* without the benefit of legal training or counsel.  As Judge Posner explained,

> In a civil case, where there is no right to appointment of counsel, courts naturally are more lenient when it comes to assessing against litigants not represented by counsel sanctions for frivolous litigation than they are in the case of litigants who do have counsel.  A layman cannot be expected to realize as quickly as a lawyer would that a legal position has no possible merit, and it would be as cruel as it would be pointless to hold laymen who cannot afford a lawyer . . . to a standard of care that they cannot attain even with their best efforts.

Bacon v. Am. Fed'n of State, County, & Mun. Employees Council, No. 13, 795 F.2d 33, 34-35 (7th Cir. 1986).  Given Defendant's lack of legal training, his *in forma pauperis* status, and his good faith assertion of a colorable argument for federal jurisdiction over the case, an assessment of attorney fees and costs would be inappropriate.  As such, insofar as Plaintiff requests attorney fees in its Motion to Remand, that request is **DENIED**.

**IV.  Other Motions**

In view of the Court's disposition above and the Eleventh Circuit's dismissal of Defendant's appeal, Defendant's Motion to Appeal *in forma*

8

*pauperis* (Dkt. No. [8]), and Plaintiff's Emergency Motion to Dismiss Appeal (Dkt. No. [11]) are no longer proper for resolution by this Court. As such, those Motions are hereby **DENIED as MOOT**.

### Conclusion

For the foregoing reasons, Plaintiff's Emergency Motion to Remand to State Court (Dkt. Nos. [4] and [10]) is **GRANTED**. The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of Court for Fulton County, Georgia, such that this action may proceed in that forum. Plaintiff's Emergency Motion to Expedite Ruling on Plaintiff's Emergency Motion to Remand (Dkt. No. [14]) is **GRANTED** *nunc pro tunc*.

Plaintiff's Motion for an Award of Fees (Dkt. No. [4]) is **DENIED**.

Plaintiff's Emergency Motion to Dismiss Appeal (Dkt. No. [11]) is **DENIED as MOOT**, and Defendant's Motion to Appeal *in forma pauperis* (Dkt. No. [8]) is **DENIED as MOOT**.

**SO ORDERED**, this   10th   day of December, 2007.

*Richard W. Story*
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)